IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr221-MHT |
| MARK ALLAN VINSON and | ) | (WO) |
| WILLIE C. MOODY | ) | |

OPINION AND ORDER

This cause is before the court on defendant Willie C. Moody's written motion to continue, filed on December 10, 2013, and defendant Mark Allan Vinson's oral motion to continue, made in an on-the-record telephone conference on December 17, 2013. The government does not oppose the motions. For the reasons set forth below, the court finds that jury selection and trial, now set for January 27, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public, Moody, and Vinson in a speedy trial. The government filed a second superseding indictment on November 14, 2013, that resulted in Moody's having to revisit his strategy. The government has also provided extensive additional discovery. Counsel for Moody requires additional time to review that discovery, to determine whether to retain an additional expert witness related to that evidence, and to retain such a witness if necessary. In addition, counsel for Moody requires additional time to investigate a confidential informant, whose identity was disclosed to him on December 6, 2013. Finally, counsel for Moody underwent back surgery in October and was prevented from working for a longer period of time than had been anticipated. Vinson joined in Moody's motion. <u>See</u> 18 U.S.C. § 3161(h)(6) (The Speedy Trial Act also excludes from the 70-day period "A reasonable period of delay when the

defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). In light of these circumstances and the agreement of the government with Moody and Vinson, the two defendants in this case who have not pleaded guilty, the court finds that a continuance in this matter is appropriate.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue filed by defendant Willie C. Moody on December 10, 2013 (doc. no. 298), and the oral motion to continue made by defendant Mark Allan Vinson on December 17, 2013 (doc. no. 308), are granted.

(2) The jury selection and trial for defendants Moody and Vinson, now set for January 27, 2014, are reset for March 24, 2014, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr.

4

United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 18th day of December, 2013.

                                          <u>/s/ Myron H. Thompson</u>
                                      **UNITED STATES DISTRICT JUDGE**