IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
     v.                     )    CRIMINAL ACTION NO.
                            )       2:12cr221-MHT
WILLIE C. MOODY             )          (WO)
```

FOUNDATION FINDINGS REGARDING
ADMISSION OF TELEPHONE CALLS

The court finds that the recordings of the telephone calls are admissible because there is sufficient evidence to support a finding that the recordings are what the government purports them to be. See Fed. R. Evid. 901 ("proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"); United States v. Reeves, 742 F.3d 487, 501 (11th Cir. 2014) (discussing requirements for authenticating recorded conversations) (citing United States v. Biggins, 551 F.2d 64, 66 (5th Cir. 1977)).

Steve Nelson of the Drug Enforcement Administration (DEA) testified to the standard

operating procedure of the DEA's telephone interception program. Through this testimony, Nelson testified that the recording equipment was working properly during the month of October 16 to November 9, 2012, and that the recording process does not offer any opportunity to manipulate or alter recorded phone calls. In addition, the government has presented evidence of the chain of custody of the disks. Finally, defendant William Elliott has testified that he has identified both defendant Mark Elliott's and defendant Willie C. Moody's voices on the recorded phone calls. Based on Nelson's position as a supervisor with the DEA and based on William Elliott's professed ability to identify his brother's (Mark Elliot's) and Moody's voices, the court finds that sufficient evidence supports a finding that the recordings are what the government purports them to be, namely accurate, complete recordings of

intercepted conversations between Moody and Mark Elliott.

Further, the court notes that the mere fact that Nelson did not personally listen to the recordings does not undermine the authenticity of the recordings. See United States v. Rengifo, 789 F.2d 975, 978 (1st Cir. 1986) (witness authenticating recording need not have "participated in or personally overheard the subject matter of the recording in evidence"). Nelson has testified to the procedures employed by the DEA and the correct functioning of the equipment during the dates at issue. At the very least, this constitutes independent evidence of the accuracy of the tape recordings admitted at trial. See Reeves, 742 F.3d at 501; see also United States v. Duncan, 166 F. App'x 464, 467 (11th Cir. 2006) (recordings properly admitted based on identification of voices and confirmation of recipient's phone number, as well as recorder's testimony that "it was impossible to alter the recordings, and in the three years the jail

3

had been using the system, it had not been found to be inaccurate").

Of course, counsel for Moody can still challenge, to the jury for the jury's determination, the reliability and accuracy of the tape recordings.

DONE, this the 25th day of March, 2014.

        /s/ Myron H. Thompson  
    UNITED STATES DISTRICT JUDGE