IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr221-MHT |
| WILLIE C. MOODY | ) | (WO) |

PRELIMINARY ORDER OF FORFEITURE

In accordance with the opinion and order entered today and pursuant to Fed.R.Crim.P. 32.2(b)(1), it is ORDERED that the government is entitled to a preliminary order of forfeiture as follows:

(1) It is DECLARED that the following properties ("the Subject Real Properties") facilitated, and were used in, the commission of all the offenses for which defendant Willie C. Moody was convicted:

> "9555 Central Plank Road, Wetumpka, Elmore County, Alabama.
>
> "PARCEL 1: Begin at the Southeast Corner of the Northwest 1/4 of Section 1, T-19-N. R-19-E, Elmore County, Alabama, for the following described parcel of land: Thence leaving said Point of Beginning and N89° 00'01"W 1366.36 feet to an iron pin; thence S89° 12' QU W 1347.64 feet to an iron pin; thence N02° 20' 31"E

1344.45 feet to an iron pin; thence N00° *15' 22"* E 1324.33 feet to an iron pin; thence S89° 44' 47" E 2629.77 feet to an iron pin; thence S00 29' 47E 2661.18 feet to the Point of Beginning.

"Said described parcel of land lying in the Northwest 1/4 of Section 1, T-19-N, R-19-E, Elmore County, Alabama, and containing 162.01 acres more or less.

"PARCEL 2: Commence at the Southwest Corner of the Northeast ¼ of Section 1, T-19-N, R-19-E, Elmore County, Alabama. Thence leaving said Section corner N00° 29'47" W 823.18 feet to the Point of Beginning for the following described parcel of land; thence leaving said Point of Beginning continue N00° 29' 47" W 100.11 feet to an iron pin; thence N89° 14' 31" E 2032.90 feet to an iron pin lying on the Western Right of Way of Alabama Highway No.9 (100' ROW); thence along said Right of Way a chord bearing and distance of S22° *56' 57"* W 109.22 feet (Radius 5729.58') to an iron pin; thence leaving said Right of Way S89 0 14' 20" W 1989.44 feet to the Point of Beginning.

"Said described parcel of land lying in the Northeast 1/4 of Section 1, T-19-N, R-19-E, Elmore County, Alabama, and containing 4.62 acres more or less."

(2) All of defendant Moody's interest in the Subject Real Properties is forfeited to the United States of

America for disposition pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1).

(3) Upon entry of this order:

(a) The United States Attorney General is authorized to seize the Subject Real Properties and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

(b) The United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

(4) The United States shall publish notice of this order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Real Properties.

(5) Any person, other than defendant Moody, asserting a legal interest in the Subject Real Properties may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Real Properties, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1) which incorporates 21 U.S.C. § 853(n)(6).

(6) Pursuant to Fed.R.Crim.P. 32.2(b)(3), this preliminary order of forfeiture shall become final as to defendant Moody at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment. If no third-party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

(7) Any petition filed by a third-party asserting an interest in the Subject Real Properties shall be signed

by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Real Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Real Properties, and any additional facts supporting the petitioner's right, title, or interest and the relief sought.

(8) After the disposition of any petition under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

(9) The United States shall have clear title to the Subject Real Properties following the court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated

by 18 U.S.C. § 982(b) for the filing of third-party petitions.

(10) The court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Fed.R.Crim.P. 32.2(e).

IT IS FURTHER ORDERED that the clerk of the court shall note entry of this order in writing on the judgment in a criminal case and forward a certified copy of this order to the United States Attorney's Office.

DONE, this the 3rd day of June, 2014.

                                                 /s/ Myron H. Thompson  
                                                **UNITED STATES DISTRICT JUDGE**