**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr221-MHT-5 |
| **WILLIAM CHRISTOPHER MOODY** | ) | (WO) |

### OPINION AND ORDER

Defendant William Christopher Moody was found guilty of conspiracy to possess with intent to distribute a mixture or substance containing methamphetamine, possession with intent to distribute and distribution of methamphetamine, and unlawful use of a communication facility. This matter is now before the court on the government's motion for a 'competency evaluation.' The motion will be granted. The court also orders a 'presentence study' on Moody's mental health.

### I. Competency

"At any time after the commencement of a prosecution for an offense and prior to the sentencing of the

defendant, ... the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). "The court shall grant" such motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable Bureau of Prisons facility for a competency examination. 18 U.S.C. §§ 4241(b); 4247(b).

In this case, the court concludes that there is reasonable cause to believe Moody may not be competent. Specifically, Moody was recently diagnosed with moderate severity dementia and impaired executive functioning. While defense counsel contends that Moody is competent,

the court finds that such diagnoses give reasonable cause to believe Moody may not have been competent to stand trial or may not currently be competent for sentencing. The court will, therefore, order the Bureau of Prisons to do a competency evaluation of Moody, and, after receipt of the evaluation, the court will hold a hearing.

## II. Presentence Study

During a conference call held on the record on September 3, 2014, the court said that it would order a mental-health evaluation for the purpose of assisting it in fashioning an appropriate sentence if Moody is found competent. This statement was made pursuant to 18 U.S.C. § 3552(b).

"Although district courts are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants." United States v. Todd, 618 F. Supp. 2d

1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.). The court must calculate the applicable range of sentences recommended by the Guidelines. The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable. The factors set for in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence. Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide medical care; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct; and (8) the need for restitution. 18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a). However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed." 18 U.S.C. § 3552(b).

While, ordinarily, a § 3552(b) study "shall be conducted in the local community by qualified consultants," the statute also authorizes the court to order that the study be done by the Bureau of Prisons upon the finding of "a compelling reason." 18 U.S.C. § 3552(b). In this case, the court finds that the fact that Moody will already be committed to Bureau of Prisons custody for the purposes of a competency evaluation constitutes a compelling reason to order that the

§ 3552(b) study be conducted by the Bureau of Prisons as well.

***

Accordingly, pursuant to 18 U.S.C. §§ 4241(b) and 4247, it is ORDERED that the government's motion for a 'competency evaluation' of defendant William Christopher Moody (doc. no. 671) is granted.

Furthermore, pursuant to 18 U.S.C. §§ 4241(b) and § 3552, it is ORDERED that defendant Moody shall also undergo a 'presentence study.'

Furthermore, it is ORDERED as follows:

(1) Pursuant to the provisions of 18 U.S.C. §§ 4241 and 4247(b) & (c), the United States Marshal for this district shall immediately remove defendant Moody to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated for a period not to exceed 30 days by one or

more qualified psychiatrists or psychologists at the institution. The 30-day period shall be counted from the day defendant Moody arrives at the designated institution.

(2) Pursuant to 18 U.S.C. § 4247(c), the examining psychiatrists or psychologists conducting the mental examination' of defendant Moody shall report in writing to this court within 45 days from the date of defendant Moody's arrival at the institution as to their findings, opinions, and conclusions relative to the 'competency or incompetency' of defendant Moody.

(3) Furthermore, pursuant to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall conduct a 'presentence study,' that is, evaluate defendant Moody's psychological condition for the purposes of sentencing, and shall include their findings in either the competency evaluation or in a separate report to be presented to this court at the same time as the competency evaluation. In particular, the report or reports shall address:

7

(A) Defendant Moody's psychological condition, particularly as it may relate to his dementia, impaired executive functioning, and his reported lifelong history of drug abuse; and

(B) Any other matters the Bureau of Prisons believes are pertinent to the factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 4th day of September, 2014.

      /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**